IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JACKSON SHARLENE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:24-cv-00330-L-BT |
| | § | |
| USPS, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Sharlene Jackson, proceeding *pro se*, filed this civil action against Defendant USPS on February 12, 2024. *See* Compl. (ECF No. 3). Because Plaintiff paid the statutory filing fee, she is responsible for properly serving the Defendant with a summons and complaint in accordance with Federal Rule of Civil Procedure 4. Indeed, the Court previously reminded Plaintiff of this requirement and warned her that her case may be dismissed if she does not file a return of service or otherwise show that she has properly served Defendant by May 12, 2024. *See* Order (ECF No. 8). To date, however, Plaintiff has failed to effect proper service of process in compliance with Rule 4. Therefore, the District Judge should dismiss Plaintiff's Complaint without prejudice under Federal Rules of Civil Procedure 4(m) and 41(b).

1

Rule 4 provides that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). After effecting service, the plaintiff must file proof of service with the Court. Fed. R. Civ. P. 4(l). If the plaintiff fails to serve a defendant "within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant," unless the plaintiff shows both (1) good cause for her failure to timely and properly effect service and (2) good cause for the Court to extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m); *Lewis v. Sec'y of Pub. Safety & Corr.*, 870 F.3d 365, 369 (5th Cir. 2017) ("Rule 4(m) requires dismissal if a defendant is not served within 90 days after the complaint is filed, unless the plaintiff shows good cause for the failure."); *see also* Fed. R. Civ. P. 41(b) (providing for dismissal, with or without prejudice, for failure to prosecute and obey court orders).

A plaintiff is entitled to notice before the court dismisses an action, *sua sponte*, for failure to timely serve a defendant under Rule 4(m). *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996)). But a plaintiff's ignorance of the law is not good cause for her failure to effect service in compliance with the rules. *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988).

Here, Plaintiff filed her Complaint more than 90 days ago. But she has not filed proof of service on Defendant. On March 12, Plaintiff filed a copy of her summons to Defendant (ECF No. 9), but she failed to include proof of proper service. With the filed copy of her summons, Plaintiff included a form provided by the district courts to prove service—but the form is blank and not signed by any server. On April 3, Plaintiff filed a notice regarding her attempts to effect service (ECF No. 10). In the notice, Plaintiff asserted that a copy of the summons was served on the Postmaster General of the USPS and the summons was "attempt[ed]/served" on the Texas Attorney General, Ken Paxton. Notice 1 (ECF No. 10). Plaintiff also attached emails she purportedly received from a process server. One email states that the process server tried and failed to serve Paxton. Another email states that the process server successfully served Postmaster General Louis DeJoy.

Ultimately, nothing in Plaintiff's notice—namely, her own unsworn allegations and emails from a process server containing no signatures or verification of truth—constitutes proof of proper service under Rule 4. *See* Fed. R. Civ. P. 4(l)(1) ("*Affidavit Required.* Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit."). And even taking Plaintiff's unsworn evidence as true, her alleged attempted service on the Texas Attorney General and service on the Postmaster

3

General of the USPS does not constitute proper service upon Defendant USPS, a United States agency. *See* Fed. R. Civ. P. 4(i) ("To serve a United States agency . . . a party must serve the *United States* and also send a copy of the summons and of the complaint by registered or certified mail to the agency[.]") (emphasis added).[1]

Accordingly, the District Judge should DISMISS Plaintiff's Complaint without prejudice. If Plaintiff files a valid return of service as to

---

[1] In its entirety, Rule 4(i) provides the following instructions for serving the United States and its agencies, corporations, officers, or employees:

(1)  **United States**. To serve the United States, a party must:

   (A)  (i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
   (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

   (B)  send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

   (C)  if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

(2)  ***Agency; Corporation; Officer or Employee Sued in an Official Capacity***. To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

4

Defendant or shows good cause in writing before the deadline for objecting to the findings, conclusions, and recommendation expires (explained in more detail below), the Magistrate Judge will withdraw the recommendation to dismiss.

**SO RECOMMENDED**.

May 17, 2024.

                                                  REBECCA RUTHERFORD
                                                  UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).