IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SHARLENE JACKSON,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:24-CV-330-L-BT** |
| | § | |
| **USPS,** | § | |
| | § | |
| Defendant. | § | |

# ORDER

On May 17, 2024, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 11) was entered, recommending that the court dismiss without prejudice this action pursuant to Federal Rules of Civil Procedure 4(m) and 41(b) as a result of Plaintiff's failure to *properly* serve Defendant USPS with a summons and copy of her Complaint in accordance with the Federal Rules of Civil Procedure by the May 12, 2024 deadline set by the magistrate judge on March 11, 2024. *See* Doc. 8. Alternatively, the magistrate judge recommends that no action be taken by the undersigned if, within the time for filing objections to the Report, Plaintiff properly effects service on Defendant USPS or shows good cause for her failure or inability to effect service on Defendant USPS. To assist Plaintiff, the Report explains in detail what is required to properly effect service on Defendant USPS under Rule 4 of the Federal Rules of Civil Procedure.

On May 23, 2024, Plaintiff, who is proceeding pro se, filed a response (Doc. 12) to the Report and three "Proof[s] of Service" (Docs. 12-15). In her response, Plaintiff states that she has "1 of 4 pages of Fedex Tracking detail and proof of delivery" for the Postmaster General and Attorney General, which she attached to her response. Doc. 12. Plaintiff asserts that she hopes

Order – Page 1

that this information will serve as "proof of delivery." Doc. 12. Plaintiff's response and the information attached to her response are insufficient to establish that service has been properly effected under Rule 4 because, as before, they contain no signatures or verification of truth as required by Rule 4's affidavit requirement and as explained in the Report. *See* Report 3 (quoting Fed. R. Civ. P. 4(l)(1)).

Moreover, neither Plaintiff's response nor her Proofs of Service for Postmaster General Louis DeJoy (Doc. 13) and Texas Attorney General Ken Paxton (Docs. 14, 15) are sufficient to effect service on the Postmaster General of the USPS because, as explained in the Report, Defendant USPS is an agency of the United States. As a result, Plaintiff must serve the United States and also send a copy of the summons and her Complaint by registered or certified mail to the agency, which she has not done. *See* Report 3-4 (quoting Fed. R. Civ. P. 4(i)). Two of Plaintiff's Proofs of Service (Docs. 14, 15) also indicate that these attempted services were disallowed. For these reasons, and because Plaintiff has not requested additional time to serve Defendant USPS or shown good cause for her failure or inability to properly serve Defendant USPS, the court agrees with the magistrate judge that this action should be dismissed without prejudice.

Thus, having considered the file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. The court, therefore, **dismisses without prejudice** this action pursuant to Rule 4(m) and 41(b) as a result of Plaintiff's failure to effect service on Defendant USPS within the time required by Rule 4(m) and her failure to properly serve Defendant USPS by May 12, 2024, as required by the magistrate judge's March 11, 2024 order. Further, as Plaintiff has not requested additional time to serve Defendant USPS or shown good cause for her failure or inability to serve Defendant

USPS in response to the magistrate judge's March 11, 2024 order or the May 17, 2024 Report, the court determines that no further extension of time is warranted.

    **It is so ordered** this 5th day of May, 2024.

                                                    Sam A. Lindsay
                                                    United States District Judge

**Order – Page 3**