IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHARLENE JACKSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:24-cv-00330-L-BT |
| | § | |
| USPS, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is *pro se* Plaintiff Sharlene Jackson's post-judgment filing (ECF No. 21), which the Court construes as a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). As explained herein, the District Judge should DENY Jackson's motion.

**Background**

Jackson filed this civil action against USPS on February 12, 2024. *See* Compl. (ECF No. 3). On June 5, 2024, the Court accepted the findings, conclusions, and recommendation (FCR) of the United States Magistrate Judge and dismissed Jackson's case without prejudice pursuant to Rule 4(m) and Rule 41(b) as a result of Jackson's failure to properly serve USPS and comply with Court orders. *See* FCR (ECF No. 11); Order Accepting FCR (ECF No. 16); J. (ECF No. 17).

On June 28, 2024, Jackson filed a document entitled "Motion to Reinstate Case on Docket and Notice of Hearing." *See* Mot. (ECF No. 21). Jackson also filed

1

two attachments to her Motion—a "Notification of Personnel Action" form detailing her employee information (ECF No. 22) and a "Notice of Removal or Separation for Disability" also regarding her employment (ECF No. 23).

**Legal Standard and Analysis**

The Federal Rules of Civil Procedure do not specifically recognize motions for reconsideration. *Greenidge v. Cater*, 2024 WL 4183523, at *1 (N.D. Tex. May 21, 2024) (citing *Shepherd v. International Paper Co.*, 372 F.3d 326, 328 (5th Cir. 2004)) (Lindsay, J.). Such motions are usually analyzed under Rule 59(e) or Rule 60(b), depending on the timing of filing. *See Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (per curiam) ("A motion asking the court to reconsider a prior ruling is evaluated either as a motion to 'alter or amend a judgment' under Rule 59(e) or as a motion for 'relief from a final judgment, order, or proceeding' under Rule 60(b)" and "[i]f the motion was filed within twenty-eight days after the entry of the judgment, the motion is treated as though it was filed under Rule 59, and if it was filed outside of that time, it is analyzed under Rule 60.") (internal citations omitted). Because less than 28 days passed between the Court's June 5, 2024 dismissal of Jackson's case and her June 28, 2024 filing for reconsideration, the Court construes her filing as a motion to alter or amend the judgment under Rule 59(e).

A Rule 59(e) motion "is appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law

or fact." *Id.* at 182 (citing *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)). But "[a] motion under Rule 59 cannot be used to raise arguments or claims 'that could, and should, have been made before the judgment issued.' " *Id.* (quoting *Marseilles Homeowners Condo. Ass'n v. Fidelity Nat. Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008) (per curiam)). District courts enjoy discretion in deciding whether to reopen a case under Rule 59(e). *Weber v. Roadway Exp., Inc.*, 199 F.3d 270, 276 (5th Cir. 2000) (citing *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993)). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. Hydrochem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). In striving to strike a balance between the need for finality and the need to render just decisions on the basis of all the facts, "the Fifth Circuit has observed that Rule 59(e) favor[s] the denial of [these motions.]" *Greenidge*, 2024 WL 4183523, at *1 (citing *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993)).

As explained in detail in the June 5, 2024 Order (ECF No. 16), the Court dismissed without prejudice Jackson's action under Rule 4(m) and 41(b) because "[she] failed to properly serve Defendant USPS with a summons and copy of her Complaint in accordance with the [FRCP] by the May 12, 2024 deadline set by the magistrate judge on March 11, 2024." Order 1 (ECF No. 16). The Court has explained to Plaintiff multiple times how to properly serve an agency of the United States and why her previous attempts were deficient. *See* Order (ECF No. 8); FCR (ECF No. 11); Order Accepting FCR (ECF No. 16); Order (ECF No. 20). Despite

ample opportunities, Jackson never properly effectuated service on USPS or showed good cause for her failure or inability to do so.

Over the course of this litigation, the Court gave Jackson several opportunities to comply with the Federal Rules of Civil Procedure. And, it clearly explained the consequences for failing to comply with the Rules and its orders. Jackson had ample time to serve USPS, and the Court warned her of the consequences for failing to do so. Despite these warnings, Jackson failed to comply. The Court, therefore, determined that she should not be given further opportunity to comply with the orders entered in this case, as doing so would unnecessarily delay the resolution of the litigation.

Jackson's most recent post judgment filings do not show that relief is warranted under Rule 59(e). She does not point to any intervening change in the controlling law, present newly-discovered evidence that was previously unavailable, or show that there was any manifest error of law or fact. Nor does she explain what she would do differently to cure her previous failures to serve USPS. Indeed, her motion and attachments contain no coherent argument. In short, her motion falls short of satisfying any of the requirements justifying the "extraordinary remedy" of reconsideration of the judgment under Rule 59(e).

## Recommendation

The District Judge should find that Jackson is not entitled to relief under Rule 59(e) and DENY her Motion (ECF No. 21) for reconsideration.

**SO RECOMMENDED**.

October 28, 2024.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).